Wu Law Group, P.C.
3808 Union Street, Suite 9A
Flushing, NY 11354
Tel: 718-473-9188
Fax: 855-866-4321
Email: louisawu123@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x

Jayde (Chengbo) Zhou,

                              Plaintiffs,

           -against-

Christie's Inc.

                              Defendant.

---------------------------------------x

Case No.

**COMPLAINT**

Plaintiffs demand trial by jury

Plaintiff Jayde (Chengbo) Zhou, by their attorneys, Wu Law Group, P.C., for her complaint against defendant, allege as follows:

## INTRODUCTION

1. This action seeks damages caused by Christie's negligent in keeping and eventually lost or unauthorized sold the Xuande Vase (the "Vase") which plaintiffs entrusted Defendant. As a result, Christie's, one of the most prominent and expert auction houses in the world, the Plaintiff lost the valuable Vase, which is worth at least $1,500,000.

2. The negligent or unauthorized sale of Plaintiff's Vase were proximately caused by defendant's breach of the Custody Agreement and Fiduciary duty.

3. On July 14, 2016, Plaintiff and Defendant signed a custody agreement which describe the Vase as "[a]n important Early Ming Blue and White Vase" with a loss damage liability value in $1,500,000.00 **Exhibit A**.

4. On the same day, Defendant thorough its SVP managing director of Christie's Canada

collected and picked up the Vase. Defendant issued a property receipt form to Plaintiff noting provisional Estimate of $1,000,000 - $2,000,000. See **Exhibit B**.

5. However, in 2024, Defendant informed Plaintiff that it the Vase worth at least $1,500,000.00.

6. As such, the Plaintiff suffered significant lost.

## THE PARTIES

7. Plaintiff Jayd (Chengbo) Zhou is a resident of Canada.

8. Defendant CHRISTIE'S INC. ("Christie's") is, on information and belief, a New York corporation with a principal place of business at 20 Rockefeller Plaza, New York, New York.

## JURISDICTION AND VENUE

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(2), in that it is between citizens or subjects of foreign states and a citizen of this State, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district, in that the defendant resides in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district and the defendant is subject to personal jurisdiction in this district. There is also an agreement between the parties placing venue in this district.

## Statement of Fact

11. Defendant Christie's is an auction house and operates a fine art storage business including warehouse facilities in Red Hook, Brooklyn.

12. Upon information and believe at least until September 26, 2018, Defendant kept the Vase at Christie's Fine Art Storage Service located at 62-100 Imlay Street, Brooklyn, NY 11231.

13. On July 14, 2016, Plaintiff and Defendant entered into a Custody Agreement.

14. The Defendant collected the Vase on the same day from Plaintiff.

15. The receipt was issued by Defendant on July 14, 2016. **Exhibit C**.

16. The Defendant agrees that it "will not lend, transfer, or sell the Property on approval or otherwise unless the parties enter into a separate written agreement on mutually acceptable terms".

17. No subsequent written agreement was entered between parties.

18. The Custody Agreement states "Christie's will be liable for the risk for the risk of physical loss or damage to the Property from the time it is in the possession of the designated shipping agent, while it is on Christie's Premises and until it is returned to Owner's custody and control up to the Loos Damage Liability Value indicated on Exhibit A."

19. The Custody Agreement further note: "Loss Damage Liability Value ($) $1,500,000"

20. In or about 2024, Plaintiff approached Defendant and was informed the Defendant lost the Vase or otherwise sold the Vase without Plaintiff's consent.

21. Defendant never obtained Plaintiff's consent on sale the Vase, return the Vase according to the term of the Custody Agreement, nor parties entered into a consignment agreement.

22. Defendant failed to furnish proper notice to Defendant which include a statement of the amount due, the nature of the proposed sale, and the time and place of any public sale of the Vase.

23. Upon information or believe, Defendant failed to sell the Vase in a commercially reasonable manner.

### FIRST CAUSE OF ACTION

### (Breach of Fiduciary Duty)

24. Plaintiffs re-allege paragraphs 1 through 23.

25. As the custodian of the Vase, defendant was plaintiffs' agent.

26. Defendant Christie's are fiduciaries with respect to keeping the Vase.

27. As such, defendant had obligations to act in the utmost good faith and in the sole interests of plaintiffs throughout their relationship.

28. Plaintiffs selected defendant as their agent because of their special fitness for the performance of the duties to be undertaken.

29. Defendant is widely known in the art market for its special skill with and knowledge of fine art and antiques.

30. Defendant failed to act in a manner commensurate with its skill and expertise.

31. Due to Defendant's failure, the valuable Vase is lost.

32. Plaintiffs are entitled to damages of at least $1,500,000.00

## SECOND CAUSE OF ACTION

### (Breach of Contract)

33. Plaintiffs re-allege paragraphs 1 through 32.

34. The custody agreement was drafted by Defendant and agreed between parties.

35. Defendant breached the Agreement by selling or otherwise disposed the Vase without Plaintiff's consent.

36. Nor did Defendant return the Property back the Plaintiff.

37. Due to Defendant's breach, Plaintiff lost the Vase.

38. Defendant is entitled to damages for at least $1,500,000.00.

## THIRD CAUSE OF ACTION

### (UCC Art. 7)

39. Plaintiffs re-allege paragraphs 1 through 38.

40. The July 16, 2016 receipt does not constitute the warehouse receipt as it failed to contain essential terms as required by UCC §7-202.

41. Defendant has no right to sell the Vase nor Defendant given adequate notice to Plaintiff pursuant to UCC §7-210.

42. Defendant further failed to employ a commercial reasonable matter to sale the Vase as the Defendant sold or otherwise disposed the $1,500,000.00 worth Vase for merely $2,000.

43. Defendant failed to exercise care under the circumstances which cause Plaintiff lost the Vase.

44. Plaintiffs are entitled to damages in an amount at least $1,500,000.00.

WHEREFORE, plaintiffs demand damages on their first, second, and third claims against defendant in amounts at least $1,500,000.00, together with interest, costs and disbursements of this action, together with such further relief as may be just.

Dated: Queens, New York
August 21, 2025

Louisa Wu, *attorney for Plaintiff*
Wu Law Group, P.C.
3808 Union Street, Suite 9A
Flushing, NY 11354
Tel: 718-473-9188
Fax: 855-866-4321
Email: louisawu123@gmail.com